HAROLD J. PERKINS and JEANNE A. PERKINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perkins v. Commissioner
Docket No. 8985-75
United States Tax Court
T.C. Memo 1977-80; 1977 Tax Ct. Memo LEXIS 360; 36 T.C.M. (CCH) 360; T.C.M. (RIA) 770080; March 24, 1977, Filed *360 Harold J. Perkins, pro se. Martin F. Klotz, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners Federal income tax for the taxable year 1973 in the amount of $3,209 and an addition to tax under section 6653(a) [1] in the amount of $160. The issues presented for our decision are: (1) Whether petitioners may reduce their adjusted gross income to reflect a difference they have computed between the fair market value of Federal Reserve notes and the face value of those notes. (2) Whether any underpayment of petitioners' income tax for the year 1973 was due to negligence within the meaning of section 6653(a). FINDINGS OF FACT Petitioners resided in Garden Grove, California, at the time they filed their petition in this case. Petitioners filed their individual Federal income tax return for the taxable year 1973 with the internal revenue service center, Fresno, California.
Petitioners' 1973 return showed their adjusted gross income to be $21,808. Petitioners reduced *361 their adjusted gross income by $14,215 for purposes of computing their 1973 taxable income of $3,554 and their income tax liability of $546.The adjustment was based on their estimation of the difference between the fair market value of the Federal Reserve notes they received in taxable wages and the face value of those notes. Petitioners did not reduce their $2,539 of itemized deductions or their $1,500 personal exemptions for purposes of computing their 1973 taxable income and income tax liability as set forth in the foregoing paragraph. Petitioners' 1973 return also contained an unsigned Form 1040 which reflected computations wherein their adjusted gross income of $21,808 had not been reduced and their resulting taxable income was shown to be $17,769 and their income tax liability was shown to be $3,755. Also included with their 1973 return, was a paper providing an extensive discussion of their monetary theories and their application to the Federal income tax. OPINION Petitioners argue that the Federal Reserve notes did not constitute income at their face value, as they are not legally dollars. In the final analysis, petitioners' argument appears to rest on the fact that *362 Federal Reserve notes cannot be redeemed in gold or silver. This Court in squarely rejected this contention. We there held that Federal Reserve notes are dollars for purposes of the tax law despite the inability of the holder to convert them to gold. The holding in Gajewski clearly precludes the argument petitioners have adopted in this case. While we must therefore decide this issue for respondent, petitioners may take some consolation in knowing that if they are paid in dollars they deem intrinsically worthless, they may nevertheless pay their tax liability with these same dollars. See also ; , on appeal (3d Cir. July 26, 1976). We must also sustain respondent's determination that a penalty should be imposed under section 6653(a). Section 6653(a) imposes an addition to tax whenever "any underpayment * * * is due to negligence or intentional disregard of rules and regulations." Petitioners' argument that an adjustment should be made for the difference between the face value and their determination *363 of the fair market value of Federal Reserve notes borders on frivolous. We believe they were aware that no such deduction is provided for or authorized. Even if petitioners felt in good faith that they were entitled to such a deduction, which we do not believe, good faith alone will not relieve them from liability for the penalty imposed by section 6653(a). See , cert. den. . Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩